[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 75.]

IN RE APPLICATION OF PARRY.

[Cite as *In re Application of Parry*, 1995-Ohio-139.]

(No. 95-354—Submitted March 21, 1995—Decided March 30, 1995.)

ON REPORT of the Board of Commissioners on Character and Fitness of the Supreme Court, No. 109.

———————

{¶ 1} Richard Byron Parry applied to register as a candidate for admission to the practice of law in August 1993, and, in November 1993, he applied to take the February 1994 Ohio bar examination. Representatives of the Admissions Committee of the Columbus Bar Association interviewed Parry on November 11, 1993, and again on December 15, 1993. Both panels recommended disapproval of Parry's application to register for bar admission due to his poor employment history, his financial irresponsibility, and his failure to pay the fines for numerous parking and other traffic violations. The admissions committee report filed with the clerk of this court recommended that Parry be disapproved.

{¶ 2} Parry appealed the admissions committee report and recommendation, and a panel of the Board of Commissioners on Character and Fitness of the Supreme Court ("board") heard the matter on December 6, 1994.

{¶ 3} Evidence submitted to the panel established that as of the hearing date, Parry had accumulated approximately $65,000 of debt, at least $51,000 of which was attributable to student loans. Parry testified that he is attempting to satisfy these financial obligations through a modest payment schedule and that he does not intend to file bankruptcy proceedings.

{¶ 4} Evidence also established Parry's discharge from a variety of jobs held before and during law school. Parry explained his 1984 discharge from a pizza restaurant as the result of a dispute over an insufficiently funded paycheck. He was

discharged in 1990 by Ohio State University, where he had worked since 1984, for insubordination and an infraction involving dishonesty that was later determined to be meritless in arbitration. Parry was also discharged from two positions as a security guard: one in 1987, apparently because he had slept on the job; and another in 1993, when he failed to provide medical verification for a missed work day.

{¶ 5} Evidence submitted to the panel further established Parry's history of ignoring traffic and parking citations. For example, from 1987 through 1993, he accumulated at least twenty-four parking citations, and he did not pay all the fines until he realized it might adversely affect his bar application. The panel also learned that Parry had continued to drive after the lapse of his car insurance and had caused an automobile collision on March 3, 1994. Parry has apparently promised to pay for the $3,100 in damages he caused.

{¶ 6} Despite Parry's financial and other problems, the panel was impressed with his candor. It was also satisfied with his explanations for having lost so many jobs. The most disturbing evidence to the panel was Parry's March 1994 accident and his lack of automobile insurance. It was this incident that led the panel to recommend that the Columbus Bar Association Admissions Committee's recommendation to disapprove Parry be modified so that he would be eligible to reapply to take the July 1995 Ohio bar examination, at which time he would go through the character and fitness interview process.

{¶ 7} The board considered the panel's report and recommendation, and adopted the panel's report with modifications. The board noted in its report that the combination of Parry's financial difficulties, cavalier disregard of parking laws and rules, continuing and ongoing employment difficulties, and, most importantly, exhibition of gross irresponsibility in operating an automobile without insurance, created "significant questions in the [b]oard's mind as to whether or not he has demonstrated the requisite character and fitness for present admission." The board stated that much of Parry's remedial action appeared to have been in reaction to the

challenge to his application for admission. The board recommended that Parry be disapproved. However, the board also recommended that he be permitted to reapply for the July 1995 Ohio bar examination, at which time he would go through the character and fitness process; be re-interviewed; and be permitted to demonstrate that his efforts at correcting his past problems had been successful.

––––––––––––––––––

*Charles W. Kettlewell*, for applicant.

*Harris, McClellan, Binau & Cox*, and *John D. Hvizdos*; *Vorys, Sater, Seymour & Pease* and *Charles A. Schneider*, for the Admissions Committee of the Columbus Bar Association.

––––––––––––––––––

**Per Curiam.**

{¶ 8} We have reviewed the record in this case and agree with the findings, conclusions, and recommendation of the board. Parry is not approved for admission to the practice of law in Ohio. However, irrespective of filing deadlines, Parry may reapply for admission and to take the July 1995 bar examination, the approval of which applications shall remain subject to a favorable evaluation of Parry's character and fitness.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

––––––––––––––––––